IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-589-RJC-DCK

| | |
|---|---|
| PRESERVATION PROFESSIONAL )<br>SERVICES, LLC, and JOURNEY )<br>INVESTMENT GROUP, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>M2 PICTURES, LLC, and SCRIPPS )<br>NETWORKS INTERACTIVE, INC. )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Scripps' Motion to Dismiss for Failure to State a Claim, (Doc. No. 3), and supporting brief, (Doc. No. 4); Defendant M2's Motion to Dismiss for Failure to State a Claim, (Doc. No. 6), and supporting brief, (Doc. No. 7); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15); the Plaintiffs' Objection to the M&R (Doc. No. 16); and the Defendants' Replies to Plaintiffs' Objection (Doc. Nos. 17, 18).

In the M&R, the Magistrate Judge recommended that Defendants' Motions to Dismiss be granted. Plaintiffs filed an Objection to the M&R of the Magistrate Judge on May 22, 2015, Defendant M2 filed a Reply to Plaintiffs' Objection on June 5, 2015, and Defendant Scripps filed a Reply to Plaintiffs' Objection on June 8, 2015. It is ripe for review.

**I.      BACKGROUND**

Plaintiffs Preservation Professional Services, LLC ("PresPro") and Journey Investment Group, LLC ("Journey") (together, "Plaintiffs") are limited liability companies organized and existing under the laws of North Carolina, with common principals, and doing business in

1

Mecklenburg County, North Carolina. (Doc. No. 1-1 at 4). PresPro is in the business of providing general contracting services for residential properties, and Journey is in the business of purchasing, improving, and selling and/or renting residential properties. (Doc. No. 1-1 at 4-5). Defendant M2 is a limited liability company organized and existing under the laws of Virginia, and Defendant HGTV (or "Scripps") is an Ohio corporation. (Doc. No. 1-1 at 4). Relevant to the matters in this action, Defendants are alleged to have been doing business in North Carolina. Id.

According to Plaintiffs, HGTV hired M2 to provide production services on an HGTV television program called *Flip It Forward* ("FIF"). (Doc. No. 1-1 at 5). The premise of FIF was to find people (the "Cast Members") to purchase homes and repair and improve them with the help of the show's hosts, David and Jason Benham, thus increasing the value of the homes to the Cast Members' advantage. Id. Defendants were referred to PresPro to assist with production of FIF, in or around March 2014. (Doc. No. 1-1 at 6). PresPro, at the request of FIF's executive producer Stephen Alvarez ("Alvarez"), became an HGTV approved contractor so it could provide services for FIF. Id. "HGTV and M2 promised PresPro that, in exchange for work on FIF, PresPro would be featured in FIF episodes as the general contractor on some of the homes and that Defendants would promote PresPro on FIF." Id.

Plaintiff Journey purchased homes located at 504 Ford Street, Kannapolis, North Carolina, and 6700 Duncroft Lane, Charlotte, North Carolina, on or about April 9 and 14, 2014, respectively. (Doc. No. 1-1 at 5). Journey sold these properties to Cast Members so they could be used on FIF. (Doc. No. 1-1 at 6). In addition, PresPro provided contracting services to these properties and to an additional property at 525 N. Rose Street, Kannapolis, North Carolina (together, the "PresPro Properties"). Id.

2

Plaintiffs allege that PresPro spent "hundreds of hours communicating and meeting with Defendants to work up and revise estimates for renovations on the PresPro Properties." (Doc. No. 1-1 at 7). Defendants repeatedly asked PresPro to perform work for reduced compensation in exchange for promotion and advertising on FIF. Id. Induced by Defendants' promises, PresPro performed renovations on the PresPro Properties for reduced compensation. Id. Plaintiffs further allege that in addition to construction services and scouting homes, Plaintiffs assisted production of FIF in many other ways, including by: providing additional properties for filming; scheduling construction work to facilitate filming of FIF; performing work for Cast Members that was outside their respective contracts; and assisting in general management of construction for FIF. Id.

Plaintiffs also engaged in more than thirty (30) meetings with Defendants and Cast Members to discuss renovation of another property at 11001 Holly Tree Lane, Charlotte, North Carolina, as well as 1463 Greenwood Lane, Rock Hill, South Carolina. (Doc. No. 1-1 at 7-8). Ultimately, Defendants hired a different contractor at the Holly Tree Lane property. (Doc. No. 1-1 at 8). In addition to the time and resources Plaintiffs allegedly spent on various properties possibly related to FIF, they also engaged a public relations firm and spent money on promotional t-shirts in conjunction with FIF. Id.

In or around May 2014, HGTV cancelled FIF without notice or warning to PresPro or Journey, and Defendants abruptly stopped production of FIF and left North Carolina. Id. Afterwards, Plaintiffs allege they spent extensive time and resources assisting the Cast Members and performed additional work for them at cost, or at a loss, to avoid damage to PresPro's reputation. Id. Thus, Plaintiffs contend they suffered damages that Defendants have failed and refused to compensate. Id.

Plaintiffs' Amended Complaint, (Doc. No. 1-1), was then filed on September 23, 2014 with the Mecklenburg County Superior Court. The Amended Complaint asserts multiple claims against M2 Pictures, LLC ("M2") and Scripps Networks Interactive, Inc. ("Scripps") d/b/a Home and Garden Television ("HGTV") (together "Defendants"), including claims for: breach of contract; breach of implied covenant of good faith and fair dealing; and unjust enrichment. (Doc. No. 1-1, at 9-13). On October 22, 2014, Defendant M2, with the consent of Defendant Scripps, filed its Notice of Removal to this Court. Defendants' Motions to Dismiss, (Doc. Nos. 3 and 6), were filed on October 29, 2014.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

The Plaintiffs object to the entirety of the Magistrate Judge's M&R. In particular, Plaintiffs object to the following findings of fact and law made in support of the Recommendation: (a) the conclusion that Plaintiffs failed to plead facts sufficient to support their

4

claims for breach of contract; and (b) the conclusion that Plaintiffs failed to plead facts sufficient to support their claims for unjust enrichment.

A. Breach of Contract

Plaintiffs object to the M&R's conclusion that Plaintiffs failed to plead facts sufficient to support their claims for breach of contract. In North Carolina, to establish a claim for breach of contract the party must prove "(1) existence of a valid contract and (2) breach of the terms of the contract." Poor v. Hill, 138 N.C.App. 19, 26, 530 S.E.2d 838, 843 (2000). "To make a claim for breach of contract, a party must show the existence of an agreement, an obligation contained in that agreement that has not been fulfilled by the opposing party, and resulting injury to the non-breaching party." Harrington v. Perry, 103 N.C. App. 376 (1991). "It is well-settled principle of contract law that a valid contract exists only where there has been a meeting of the minds as to all essential terms of the agreement." Northington v. Michelotti, 464 S.E.2d 711, 714 (N.C. Ct. App. 1995).

Plaintiffs assert that the entirety of the contract can be found in the vague statement alleged by the Amended Complaint, that "HGTV and M2 promised PresPro that, in exchange for work on FIF, PresPro would be featured in FIF episodes as the general contractor on some of the homes and that Defendants would promote PresPro on FIF." (Doc. No. 1-1 at 6). Plaintiff Journey claims its own "bargained for exchange" occurred when "Journey provided homes for use on FIF that it would otherwise have remodeled and sold for a profit as part of the production assistance and in exchange for PresPro's exposure on FIF." (Doc. No. 16 at 3). Furthermore, Plaintiffs point to parts of the Amended Complaint which mention the Defendants' alleged promises and claim that these conclusory references provide factual support for the existence of a contract. Id. Plaintiffs further assert that "North Carolina state and federal courts have frequently

5

found express contracts between parties based upon communications, documentary evidence, course of dealing, oral agreement or a combination of one or more of these." Id. at 4.

Here, even viewing Plaintiffs' Amended Complaint in the light most favorable to the Plaintiffs, this Court finds that the Complaint does not include plausible allegations that Defendants breached the terms of a valid and enforceable contract. Plaintiffs do not cite to any cases to support their contentions nor point to specific factual allegations in the Amended Complaint to demonstrate that such a contract was created between the parties. Based on the Amended Complaint, and the Plaintiffs' briefs and cited authority, the Plaintiffs have failed to state a claim upon which relief may be granted for breach of contract. Therefore, this Court grants Defendants' Motions to Dismiss.

    B.  Unjust Enrichment

Plaintiffs also object to the Magistrate Judge's findings in the M&R that (1) Plaintiffs' unjust enrichment claims must fail because they were not plead in the alternative, and (2) Plaintiffs' unjust enrichment claims were not supported by sufficient factual allegations. (Doc. No. 15 at 11). In North Carolina, in order to establish a claim for unjust enrichment, a plaintiff must allege facts demonstrating: "(1) a measurable benefit conferred on defendant; (2) that the defendant consciously accepted; and (3) the benefit was not conferred on the defendant officiously or gratuitously." Lake Toxaway Cmty. Ass'n Inc. v. RYF Enters., LLC, 742 S.E.2d 555, 561 (N.C. Ct. App. 2013). The theory of unjust enrichment was "derived by equity to exact the return of or payment for, benefit received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." JPMorgan Chase Bank, Nat'l Ass'n v. Browning, 750 S.E.2d 555, 559 (N.C. Ct. App. 2013).

Here, Plaintiffs assert that their unjust enrichment claims contained in the Amended

Complaint were properly included as "legal theories pleaded in the alternative based upon the same set of facts" and properly supported by sufficient factual allegations. (Doc. No. 16 at 6). Plaintiffs further contend that the M&R's citations to Volumetrics Medical Imaging, Inc., v. ATL UltraSound, Inc., 243 F.Supp.2d 386 (M.D.N.C. 2003), and McCabe v. Abbott Laboratories, Inc., 47 F.Supp.3d 339 (E.D.N.C. 2014), are misplaced since those courts considered unjust enrichment claims at the summary judgment stage, not during initial pleadings. (Doc. No. 16 at 6). Plaintiffs argue that, since their unjust enrichment claims were included in the initial pleadings, they were pled in the alternative, and therefore allowable under Volumetrics and McCabe. (Id.)

However, this line of argument misunderstands the M&R's reasoning, which is simply that Plaintiffs' "unjust enrichment claims were not pled in the alternative," and therefore could not be maintained. (Doc. No. 15 at 11). Plaintiffs' unjust enrichment claims incorporate their previous allegations of valid and enforceable agreement(s) between the parties, and add a new allegation of "implied agreement(s)" between the parties, without indicating that these new claims are to be pled in the alternative. (Doc. No. 1-1 at 12-13). Plaintiffs' arguments for unjust enrichment are included as additional, rather than alternative, claims, therefore they cannot be maintained along with the claims for breach of contract. See Volumetrics, 243 F.Supp.2d 386, 411-12 (holding that "Plaintiffs cannot maintain an unjust enrichment claim while also arguing breach of express contract."). Furthermore, this Court finds that Plaintiffs' factual allegations are too vague to support a plausible claim that Plaintiffs provided a measurable benefit on either Defendant for which Plaintiffs were not repaid or compensated. Therefore, this Court adopts the M&R and grants Defendants' Motions to Dismiss.

## IV. CONCLUSION

Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the Magistrate Judge's M&R.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Scripps' Motion to Dismiss for Failure to State a Claim, (Doc. No. 3) and Defendant M2's Motion to Dismiss for Failure to State a Claim, (Doc. No. 6) are **GRANTED.**

2. The Clerk of Court is directed to close this case.

Signed: June 12, 2015

Robert J. Conrad, Jr.
United States District Judge